Turley, J,
delivered the opinion of the court.
This is an action of assumpsit, brought by the plaintiff against the defendants; to.which they plead in abatement, that the process by which the suit was commenced, was issued within ten days before the beginning of the term to which it was returned — to this plea there is a demurrer, which was overruled by the circuit court, and judgment given for the defendants — to reverse which this writ of error is prosecuted. The 10th sec. of the act of 1794, ch. 1, makes all process, except subpoenas for witnesses returnable to the 1st day of the term succeeding the date of their issuance, and requires that they shall be executed at least ten days previous thereto. If the law had stopped here, there would have been a period of time within ten days of a term, during which no process for.the commencement of suits could have been issued, in as much as it could not be served, and could not be made returnable to any other term than the one next approaching, and which might be productive at times of serious mischief — -to remedy which *28 the statute provides, that if any original or mesne process be taken out within ten days before the beginning of any term, such process shall be made returnable to the term next succeeding that which shall commence within ten days after taking out such process, and makes all process made returnable at any other term, or executed at any other time, void upon the plea of the defendant. The act of 1838, ch. 131, provides that all process except subpoenas instanter, made returnable to the circuit courts, shall and maybe executed five days previous to the commencement of the term to which it is returnable, and repeals so much of the act of 1794, ch. 1, as requires the execution ten days previous thereto. Now the question is, does this also repeal that part of the statute which makes process issued within ten days of the term returnable to the next? We think it does by necessary implication. The reason why the act of 1794 made such process returnable to a subsequent term, was that it would otherwise have had no return day, and would have been dead process. Then when a subsequent statute is passed which authorizes such process to be served, why may it not be returned? The evil intended to be remedied by giving a later term for the return, is better effected by shortening the time required for its execution. It is the use of the word shall in the act of 1794, which has in all probability lead into the error upon the subject; the words are “shall be made returnable to the term next succeeding.” Now in common parlance shall has always a compulsory meaning — but in law shall and may are often convertible terms. They are so here: shall means may, and is intended to give the power to make the process returnable to a term different from what it would have been by law — and to which it could not have been returned, but for such grant of power. We therefore reverse the judgment of the circuit court, award a respondeat ouster and remand the case for further proceedings.